LAMAR COUCH,                                )
                                            )
          Plaintiff,                        )
                                            )
v.                                          )          No.    1:25-CV-199-KAC-CHS
                                            )
CHET O. CRASS, MORGAN COUNTY                )
CORRECTIONAL COMPLEX, and                   )
TENNESSEE DEPARTMENT OF                      )
CORRECTION,                                 )
                                            )
          Defendants.                       )

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner, filed (1) a motion for leave to proceed *in forma pauperis* [Doc. 1] and (2) a pro se complaint under 42 U.S.C. § 1983 [Doc. 2].  For the reasons below, the Court (1) **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [Doc. 1], (2) and **DISMISSES** the action for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* [Doc. 1]**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee.  *See* 28 U.S.C. § 1915(a). Plaintiff's Motion [Doc. 1] shows that he lacks sufficient financial resources to pay the filing fee in a lump sum.  Accordingly, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* [Doc. 1] under Section 1915.

The Court **ASSESSES** Plaintiff the civil filing fee of $350.00.  The custodian of Plaintiff's inmate trust account **MUST** submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when

such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).  The Clerk **MUST** send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.      COMPLAINT SCREENING

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted).  So, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic

and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

According to the Complaint, from December 2024 to February 2025, Plaintiff notified Defendant Chet O. Crass eleven (11) times that Plaintiff needed "protective service" [Doc. 2 at 3-4]. On an unspecific date, Plaintiff "was Attack/victimize[d] com[ing] out the shower" [*Id.* at 3]. The Complaint does not identify who attacked/victimized Plaintiff. The Complaint alleges that Defendant Crass "neglect[ed] his job and discriminated toward me [Plaintiff] because [of his] color, race, and/or national origin" [*Id.* at 4]. Liberally construed, the Complaint lists Crass, the Morgan County Correctional Complex ("MCCX"), and the Tennessee Department of Correction ("TDOC") as defendants [*Id.* at 1, 3]. But the Complaint does not include any specific allegations against MCCX or TDOC. As relief, Plaintiff seeks "[c]ompensation for his los[t] wage time and injury" [*Id.* at 5].

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. The Complaint fails to do so here.

Starting with Defendants MCCX and TDOC, these entities are not subject to suit under Section 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) ("A state prison is not a 'person' subject to suit under § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-71 (1989)); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that TDOC is not a "person" within the meaning of § 1983). And even if they were, or the Court liberally construed the Complaint to attempt to raise claims against a municipality that is subject to suit under Section 1983, the Complaint does not include allegations that would allow the Court to infer that these entities violated a federal right of Plaintiff's. So, the Court **DISMISSES** any claims against MCCX and TDOC.

3

Moving to Defendant Crass, the Court liberally construes the Complaint's allegations to assert claims for (1) failure to protect and (2) violation of his right to Equal Protection. Both fail.

First, "the Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment." *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 726 (6th Cir. 2022) (citing U.S. Const. amend. VIII). "The Supreme Court has established that 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* (quoting *Farmer*, 511 U.S. at 834). "A prison official violates an inmate's rights only if the official is deliberately indifferent to inmate health or safety." *Id.* (cleaned up).

Here, the Complaint does not include sufficient allegations for the Court to infer that Defendant Crass was "deliberately indifferent" to Plaintiff's safety. For starters, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* (citation omitted). This the Complaint fails to do—Plaintiff's own assertions are not enough [*See* Doc. 2]. And even if that objective component were met, there are not sufficient allegations for the Court to infer that subjectively Defendant Crass was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk." *See Westmoreland*, 29 F.4th at 726-27 (cleaned up). So, the Court **DISMISSES** that claim.

Second, the Complaint fails to state an equal protection claim. To state an equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a

fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 299 (6th Cir. 2006)). The Complaint does not include any factual allegations that would meet this standard; nor do the factual allegations in the Complaint allow the Court to infer sufficient facts to state a claim for an equal protection violation [*See* Doc. 2]. So, the Court **DISMISSES** that claim. With no claims stated, the Court **DISMISSES** this action.

## III.   CONCLUSION

For the reasons above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account **MUST** submit the filing fee to the Clerk in the manner set forth above; and

4. The Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2) and 1915A.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. So, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. Because no claims remain in this action. **An appropriate judgment will enter.**

**SO ORDERED.**

**ENTER:**

 /s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

5